O

# United States District Court
# Central District of California

| | |
|---|---|
| KIMBERLY CHANTEL ENGLISH,<br><br>    Plaintiff,<br><br>    v.<br><br>THE MORTGAGE STORE FINANCIAL INC. et al.,<br><br>    Defendants. | Case № 2:18-CV-08776-ODW (AGRx)<br><br>**ORDER GRANTING**<br><br>**MOTION TO DISMISS [15]** |

## I.    INTRODUCTION & BACKGROUND

Plaintiff Kimberly Chantel English, proceeding pro se, brings this action against Defendants[1] for wrongful foreclosure, quiet title, and violations of the Fair Debt Collection Practices Act ("FDCPA"). (*See* First Am. Compl. ("FAC"), ECF No. 1-1.) English's claims each arise out of non-judicial foreclosure proceedings against real property located at 131 North Croft Avenue, #401, Los Angeles, California, 90048 ("Property"). Defendants move to dismiss English's FAC. (Mot., ECF No. 15.) For the reasons that follow, the Court **GRANTS** Defendants' Motion.[2]

---

[1] Defendants are The Mortgage Store Financial, Inc. ("Mortgage Store"), Alliance Title Trustee ("Alliance"), and Deustche Bank National Trust Company, as Trustee for Harbor View Mortgage Loan Pass-Through Certificates, Series 2006-9 ("DBNTC").

[2] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Pro se pleadings are to be construed liberally, but a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A court may not "supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## III. DISCUSSION

Defendants move to dismiss English's FAC on the grounds that she lacks standing and fails to state a claim as to each cause of action. English filed an opposition but did not substantively oppose. (*See generally* Opp'n to Mot. ("Opp'n"),

ECF No. 21.) The Court finds that English lacks standing to bring the claims asserted and therefore does not reach Defendants' remaining arguments.

**A.    Request for Judicial Notice**

Defendants request that the Court take judicial notice of six documents: Exhibit A: Deed of Trust ("DOT"); Exhibit B: Notice of Default; Exhibit C: Trustee's Deed Upon Sale ("Trustee's DUS"); Exhibits D and E: English's Complaint and FAC, respectively, filed with the Superior Court before Defendants' removal; and Exhibit F: a Superior Court order issued before removal finding this action unrelated to a separate unlawful detainer action against English. (Request for Judicial Notice ("RJN"), ECF No. 16.) English does not oppose Defendants' request.

A court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion but may consider documents incorporated by reference in the complaint or properly subject to judicial notice without converting a motion to dismiss into one for summary judgment. *See Lee*, 250 F.3d at 688–89. "[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A document may be incorporated by reference where neither party disputes its authenticity and the pleading necessarily relies on the document. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

The DOT, Notice of Default, and Trustee's DUS are properly subject to judicial notice because they are undisputed public documents recorded by the Los Angeles County Recorder's Office. *See, e.g.*, *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting cases granting judicial notice of documents recorded by the County Recorder's Office). Accordingly, the Court takes judicial notice of the DOT (RJN Ex. A, ECF No. 16-1), Notice of Default (RJN Ex. B, ECF No. 16-2), and Trustee's DUS (RJN Ex. C, ECF No. 16-3). Additionally, the FAC refers to and necessarily relies on these three records related to the sale of the

Property. (*See* FAC ¶¶ 5–6.) As neither party disputes the authenticity of the records, they may also be considered under the incorporation by reference doctrine. *See Marder*, 450 F.3d at 448 (internal quotation marks omitted) ("The court may treat such a document as part of the complaint, and thus may assume that its contents are true for the purposes of a motion to dismiss.").

Next, a court's own records and the records of other courts are public records properly subject to judicial notice. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). However, when taking judicial notice of another court's record, a court may do so only for the existence of the document and not for the truth of the facts therein. *Lee*, 250 F.3d at 690. Similarly, a court may take judicial notice of its own records but not of the truth of the documents' contents therein. *See M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983). Accordingly, the Court takes judicial notice of the existence of English's Complaint (RJN Ex. D, ECF No. 16-4), English's FAC (RJN Ex. E, ECF No. 16-5), and the Superior Court order (RJN Ex. F, ECF No. 16-6), each of which is also found in the record in the instant action. (*See* Notice of Removal Exs. 1, 8, 9, ECF Nos. 1-1, 1-8, 1-9.)

**B.     Standing**

Defendants contend that English lacks standing because she was neither a party to the loan at issue nor a record owner of the Property. English does not substantively oppose. The Court may accept English's failure to substantively oppose as waiver or concession of the issue. *See Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (holding that the plaintiff abandoned her claims by not raising them in opposition to a motion to dismiss); *Heraldez v. Bayview Loan Servicing, LLC*, No. CV 16-1978-R, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016), *aff'd*, 719 F. App'x 663 (9th Cir. 2018) (citing *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011)). However, in light of English's pro se status, the Court considers the merits of Defendants' argument.

Standing requires that: (1) the plaintiff has suffered an injury in fact, i.e., "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical"; (2) the injury is "fairly traceable to the challenged conduct of the defendant"; and (3) the injury is "likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547–48 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)) (internal quotation marks omitted). A plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Accordingly, "a plaintiff who is not a party to a mortgage loan cannot assert a claim . . . for statutory violations, wrongful foreclosure . . . or related foreclosure proceedings." *Bianchi v. Bank of Am., N.A.*, No. 12-CV-750-MMA (MDD), 2012 WL 11946982, at *1 (S.D. Cal. May 17, 2012) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1427 (9th Cir. 1989) (holding that the plaintiffs lacked standing for claims that arose out of the transactions at issue because the plaintiffs were not parties to those transactions)).

Only a borrower or her assignee may bring a claim based on the underlying mortgage. *See Pena v. Ocwen Loan Servicing, LLC*, No. CV 17-2437 FMO (GJSx), 2018 WL 5857983, at *4 (C.D. Cal. Apr. 23, 2018) (finding that the plaintiff lacked standing to bring claims regarding the loan handling and property foreclosure because he was neither the borrower nor the owner of the property); *Shetty v. ARLP Securitization Tr. Series 2014-2*, No. CV-16-05467-BRO (GJSx), 2016 WL 10999324, at *6 (C.D. Cal. Oct. 28, 2016) (dismissing claims including quiet title because the plaintiff was not the borrower or assignee). Plaintiffs may seek to quiet title "only if they currently possess an interest in the property at issue." *Jacobsen v. Aurora Loan Servs., LLC*, 661 F. App'x 474, 476 (9th Cir. 2016) (citing *Gerhard v. Stephens*, 68 Cal. 2d 864, 918 (1968)).

English alleges that "Plaintiffs[3] are the owners of the real property at 131

---

[3] Through her FAC, English alleges facts concerning "Plaintiffs," plural, but English is the only Plaintiff. Furthermore, a non-attorney may "appear in propria persona in his own behalf, [but] that privilege is personal to him." *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (citation

North Croft Ave #401, Los Angeles, California 90048." (FAC ¶ 1.) "[P]laintiffs executed the Deed of Trust" to "secure payment of principal and interest for a loan on the subject property." (FAC ¶ 5.) English alleges that Defendants then wrongfully foreclosed on the Property. (FAC ¶¶ 6–9.) On that basis, English asserts claims against Defendants for (1) wrongful foreclosure, (2) quiet title, and (3) violation of the FDCPA. (FAC ¶¶ 1–10, 11–15, 16–21.) However, the documents incorporated by reference and judicially noticed directly contradict English's claims of ownership. The DOT lists "Rose Franklin, A Single Woman," as the sole borrower and signatory. (DOT 1, 14, 15.) The initials "RF" appear correspondingly at the bottom left corner of each page of the DOT. Additionally, both the Notice of Default and the Trustee's DUS state that only "Rose Franklin, a Single Woman," executed the DOT. (Notice of Default 3; Trustee's DUS 2.) As such, these documents demonstrate conclusively that English is not the borrower on the loan and has no interest in the loan or the Property.

As each of English's claims asserted in the FAC arise from the non-judicial foreclosure and loan transaction involving Rose Franklin and not English, English lacks standing to pursue her claims for wrongful foreclosure, quiet title, and violation of the FDCPA.

C. **Leave to Amend**

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly

---

omitted). English has no authority to appear on behalf of anyone other than herself. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *but see* Fed. R. Civ. P. 17(a) (providing that a person may sue for the real party in interest when acting in specified legal roles, i.e., as that party's executor, administrator, guardian, etc.).

denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

English requests leave to amend but suggests nothing in the way of proposed curative factual allegations. (*See generally* Opp'n.) Nor can the Court conceive of additional facts, consistent with the FAC and judicially-noticed documents, that would remedy English's lack of standing. Further, English does not substantively oppose Defendants' arguments for dismissal for lack of standing, forcing the Court to speculate as to what facts or theories she might raise. The Court declines to speculate. Even construing English's FAC liberally, any claim to standing is directly contradicted by documents incorporated by reference in the FAC and properly subject to judicial notice. Consequently, leave to amend would be futile.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss English's FAC (ECF No. 15) **WITH PREJUDICE**.

**IT IS SO ORDERED.**

July 8, 2019

*[signature]*

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

7